DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Cecil Carnegie has appealed from a judgment of the Wayne County Common Pleas Court that dismissed his petition for post conviction relief. This Court affirms.
 I.
On July 28, 1991, the State filed a complaint alleging that Defendant was a delinquent child. The complaint alleged that Defendant raped an eleven-year-old girl in violation of R.C.2907.02(A)(1)(a) and (b). At the time of the offense, Defendant was three weeks away from his eighteenth birthday. The State moved the juvenile court to transfer jurisdiction to the court of common pleas pursuant to R.C. 2151.26 and Juv.R. 30. After a bindover hearing, the juvenile court made the required determinations and the case was transferred the common pleas court.
Defendant was indicted for rape on August 13, 1991. The case proceeded to trial; however, it resulted in a mistrial. Prior to the second trial, Defendant changed his plea to guilty. The trial court sentenced him to five to twenty-five years in the Lorain Correctional Institution. Defendant appealed from the order that transferred jurisdiction to the common pleas court. This Court affirmed the judgment of the juvenile court. See State v.Carnegie (Sept. 16, 1992), Wayne App. No. 2715, unreported.
On January 7, 1999, Defendant filed a petition for post conviction relief. The trial court dismissed his petition as untimely. Defendant timely appealed to this Court, asserting one assignment of error.
 II.
The trial Court (sic) erred in finding that [R.C.] 2953.23(A)(1)(a) did not apply to [Defendant's] Motion for Post Conviction Relief.
In his sole assignment of error, Defendant has asserted that the trial court erred when it dismissed his petition for post conviction relief as untimely. This Court disagrees.
R.C. 2953.21 establishes procedures for filing a petition for post conviction relief. Before September 21, 1995, a petition could be filed "at any time" in the court that imposed sentence. Am.Sub.S.B. No. 4, however, effective September 21, 1995, amended the time requirements for filing such a petition. R.C.2953.21(A)(2) now requires that:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 Am.Sub.S.B. No. 4 created an exception to the one hundred eighty-day period for those convicted prior to the effective date of that bill:
 A person who seeks postconviction relief pursuant to sections 2953.21
through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
 Defendant was convicted and sentenced during 1992, and the trial transcript was filed in his direct appeal on May 18, 1992. He filed his petition on January 7, 1999, outside both time periods. As a result, his petition was not timely.
If a petition is not timely, a trial court has no jurisdiction to hear it unless the defendant satisfies R.C. 2953.23(A). Pursuant to that section, a defendant must: (1) show either that he was unavoidably prevented from discovering facts upon which he must rely to present his claim for relief, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the defendant's situation, and the defendant asserts a claim based on that right; and (2) show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted (or, if his claim challenges a sentence of death, that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found him eligible for the death sentence).
Defendant has conceded that his petition was untimely; however, he has asserted that his petition met the exception set forth in R.C. 2953.23(A). He has contended that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief because he is borderline mentally retarded and was unaware that his constitutional rights might have been violated. He has asserted that he did not have the mental capacity to discover the facts necessary for a petition for post conviction relief. He has further asserted that absent the constitutional errors, he would not have been convicted.
Defendant failed to satisfy R.C. 2953.23(A). As noted by the trial court, the sole fact upon which Defendant relied for his claim of relief was his borderline mental retardation. That fact was known to the court and Defendant's counsel long before his trial; therefore, Defendant was not unavoidably prevented from the discovery of that fact. Accordingly, he has not (1) shown either that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, upon which he may assert a claim for relief; and (2) shown by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. The trial court, therefore, had no jurisdiction to entertain Defendant's petition for postconviction relief, and his assignment of error is overruled on that basis.
 III.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ________________ BETH WHITMORE
FOR THE COURT SLABY, J.
CARR, J. CONCUR